

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

February 2, 1972

Mr. James U. Cross                      Opinion No. M-1062
Executive Director
Parks and Wildlife Department      Re:  Whether Article 880d,
John H. Reagan Building                  Vernon's Penal Code,
Austin, Texas    78701                   applies to the use of
                                         exotic species of fal-
Dear Mr. Cross:                          cons.

     You have asked our opinion whether the provisions of
Article 880d, Vernon's Penal Code[1]- in particular Sections
2, 3, 4, 7, and 9 of that article - apply to falconers us-
ing exotic species of raptors.  This opinion is restricted
to the question asked.

     The capture, possession, and use of raptors or birds
of prey is regulated by Article 880d, which was enacted by
the Sixty-second Legislature.  Under Sections 1 (b), 1 (c),
and 6, the Texas Parks and Wildlife Department (hereinafter
"Department") may prescribe reasonable rules and regulations
to carry out the provisions of the act.  Pursuant to this
authority, the Department has issued the "Texas Parks and
Wildlife Department Policy on the Taking and Possession of
Raptors for Falconry Purposes as adopted September 30, 1971."
This regulation in Section 1.03 defines "raptor" as ". . .
any member of the Orders Falconiformes and Strigiformes"
and "falconry" as ". . .the utilization of any member of the
Orders Strigiformes or  Falconiformes for the taking of wild
birds or wild mammals during any prescribed open seasons."

     No definition is given in either the Department regul-
ation or the statute to the term "native."  This term is
defined by Webster's Third New International Dictionary as
". . .grown, produced, or originating in a particular place
(as a region or country):  not foreign or exotic. . .grown,
produced, or originating in the vicinity:  not transported

---

     [1] All statutes mentioned are parts of Vernon's Penal
Code unless otherwise indicated.  This Article was enacted
by Acts 62nd Leg., R.S., 1971, S.B. 372, ch. 176, p. 987.

from a distant region. . .living or growning naturally in a given region. . . ."

Among the definitions of "exotic: in Webster's Third New International Dictionary is ". . .from another country: not native to the place where found. . . ." This office is informed that the Department defines the term "exotic species of raptors" to mean those raptors not native to Texas.

While penal laws generally are to be construed strictly, they are not construed so strictly as to defeat the legislative intent when the intent is plainly manifest or is fairly deducible from the statutory language. 53 Tex.Jur.2d 304, Statutes, Section 198. Criminal laws should be construed according to the plain import of the language used. Article 7. A penal statute should be given a reasonable and common sense interpretation. Bizzelle v. State, 116 S.W.2d 385 (Tex. Crim., 1938).

The plain import of Article 880d is to regulate the sport of falconry. With the exception of specific references to native raptors in Section 1, the various provisions of the statute make no express distinction between native and exotic species of raptors. Section 5, which retains as property of the people of this state all raptors captured, taken, or possessed in this state actually is not limited by its terms to native raptors; but only wild animals, birds, and fowls within the borders of the state are made the property of the people. Article 871a. Thus Section 5 can apply only to native raptors. Section 3 is the only authority in Texas law by which any person may hunt with a raptor, whether native or exotic. The provisions in Section 3 for a nonresident's hunting license and in Section 7 for a falconer's permit for a nonresident who establishes permanent Texas residence and who holds raptors under a permit in another state make clear that the legislature intended to regulate the possession and use of exotic as well as native raptors. This view is strengthened by the reference in Section 6 to those raptors classified by the United States Bureau of Sports, Fisheries, and Wildlife as rare or endangered. Consequently, it is our opinion that Article 880d applies to the possession and use of exotic as well as native raptors, except for those provisions of Section 1 which apply expressly to native raptors and Section 5.

## CONCLUSION

The provisions of Article 880d, Vernon's Penal Code, apply to the possession and use of exotic as well as native species of raptors, except that Section 1 insofar as it refers to native raptors  and Section 5 apply only to native raptors.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Roland Daniel Green, III
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W.E. Allen, Co-Chairman

Sally Phillips
Jim Maxwell
Ken Nordquist
Linward Shivers

SAM MC DANIEL
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant